ANNA C. WHITLOCK, executrix, &c., complainant,

*v.*

MINISTERS, ELDERS AND DEACONS OF THE REFORMED CHURCH OF BLAWENBURG et al., defendants.

[Decided June 9th, 1924.]

**Wills—Construction—Identification of Bond Bequeathed—As to Bequest to Church With Limitations—How Far the Limitations Bind.**

On final hearing.

· *Messrs. Griggs & Herr,* for the complainant.

*Mr. Fred A. Pope,* for the defendants-legatees.

*Mr. Edward P. Johnson,* for the defendants-next of kin.

BUCHANAN, V. C.

The bill is by the executor of Mary Frances Hagamen, deceased, for construction of the will, and instructions. The issues relates to two gifts under the will.

As to the bequest to Ellen J. Hagamen of "the bond of $1,000 of the Electric Light and Power Company," I think this operates to pass the $1,000 bond of the Sierra and San Francisco Power Company—that the latter is the bond mentioned in the will. It is the only bond she had, and she had it at the date of the will in 1920, and for ten years prior thereto. It appears that in 1910 she received it in exchange for a like bond of Oklahoma Gas and Electric Company ("Electric Light Company"). The bank's statement of the exchange contains no charge against her for the sale of that bond. It is probable, therefore, that the power company was a consolidation which took up the earlier bonds and made a new issue. This would account for the apparent identification of the two in the mind of the testatrix.

As to the gift for the benefit of the Blawenburg church and the boards of foreign and domestic missions, I think this must be deemed a trust fund of $10,000 in the hands of the executrix, to be used by her for the purchase of a proper farm for that or a lesser sum, and if for a lesser sum, then the balance to be expended for the acquisition of securities of the usual trust fund type. The selection of the farm, and the investments, and the time of purchase, is left to the sound discretion of the executrix. She has not yet purchased, but it appears she has made endeavors, and she has been handicapped by the very unusual provisions of this will, and the desire to comply with them in all respects. No reason appears to justify any attempt to interfere with her performance of the duties imposed by the will.

· The farm which is to be purchased is to be for the benefit of the church and the mission boards, and, hence, is to be one which, in her judgment, would be productive of income for those beneficiaries. The provisions as to supervision of the farm by Francis R. Hagamen, as to letting the farm on shares instead of renting it, and as to the tenant attending the Blawenburg church, all these are, I think, merely directions, not conditions. Since Francis R. Hagamen refuses to supervise it, and it appears impossible to let a farm on shares in that neighborhood, neither the executrix nor the church need feel bound by these provisions, nor hampered by them in accomplishing the purchase of the farm, and renting it to a tenant, even if no tenant can be found who will attend the church.

The title to the farm, and the additional securities, if any, will vest in the church, in trust, however, to pay one-eighth of the annual net income from the farm to each of the mission boards and the balance for the church purposes mentioned in the will, and on the further trust to sell the farm, if and when it shall depreciate fifty per cent. in value, and pay over the proceeds equally to the two mission boards. The title to the securities, if any, will be in trust to use the income for improvements to the farm. No provision is made as to the disposition of the *corpus* of such securities fund upon the event of the sale of the farm. It would, I take it, therefore pass to the next of kin by resulting trust.

I think the costs of all parties should be paid from the estate, and I will allow the counsel fees as asked, to wit, $300 to complainant, $150 to defendant-legatees, and $300 to defendants-next of kin.